IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY DEVOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-269-MEF |
| ) | |
| LONNIE ADAMS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 68, filed February 26, 2007). Pending is *Defendant's Motion for Summary Judgment* (Doc. 49, filed October 26, 2006) and supporting documentation (Docs. 50-51, filed October 26, 2006). For good cause, it is the Recommendation of the Magistrate Judge to grant the motion in part, deny the remainder as moot, and dismiss the action.

### I. PARTIES

Plaintiff, Mary Devose ("Devose" or "Plaintiff"), as parent and next friend of R.D. ("R.D"), is a resident of Clayton in Barbour County, Alabama, within the Middle District of Alabama.

Defendant Officer Lonnie Adams is employed by the Barbour County Sheriff as an investigator with the Barbour County Drug Task Force.

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (civil rights jurisdiction), and 1367 (supplemental jurisdiction).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.  NATURE OF CASE/BACKGROUND

The underlying facts of this lawsuit are necessarily viewed in the light most favorable to Plaintiff.  Plaintiff initiated this action in Circuit Court of Barbour County on February 18, 2005.  *See* Doc. 1.  Defendant properly removed the action to federal court on March 22, 2005.  *Id*.  Plaintiff initially brought suit against multiple defendants including the Barbour County Commission, the Drug Task Force of Barbour County, the City of Clayton, Officer David Dubose, and Officer Lonnie Adams.  *Id*.  The Amended Complaint filed on January 5, 2006 only asserted claims against Officer Adams, so the Court dismissed all but the claims against Defendant Adams on February 10, 2006.  *See* Doc. 33, Amended Complaint; *see* Doc. 39, Order.

Plaintiff's Amended Complaint provides minimal facts, but alleges that on or around February 21, 2003, R.D. was playing near his home in Westfield Court in Clayton, Alabama. *See* Doc. 33.  Around 8:15 p.m., Defendant Adams began chasing a subject and R.D. also

began to run. *Id.* Defendant allegedly slammed R.D. into a car thus injuring R.D.'s arm.

Defendant's version of the facts is more detailed, but does not materially contradict the allegations of Plaintiff. Defendant asserts he was searching for a suspect in a recent narcotics investigation to conduct a field interview. Defendant approached R.D. believing he might be the subject and R.D. ran off. *See* Doc. 51, Affidavit of Lonnie Adams. Defendant won the race, grabbed R.D., patted him down for weapons, and realized he was not the suspect. *Id.* Defendant's search revealed nothing of importance. After a brief interrogation, Defendant let R.D. go. *Id*.

### IV.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On October 26, 2006, Defendant moved for summary judgment on the four counts from Plaintiff's Amended Complaint. Defendant asserts Plaintiff has failed to provide evidence sufficient to raise a genuine issue of material fact on one or more essential elements of the claims. Further, Defendant argues that undisputed evidence establishes Defendant is entitled to absolute and/or qualified immunity on the federal claims and discretionary function immunity on the state law claims, thus barring Plaintiff's claims. To support his motion, Defendant attaches his affidavit as evidence. Defendant asserts the undisputed evidence shows his conduct was reasonable under the circumstances.

To date, Plaintiff did not respond to Defendant's Motion for Summary Judgment. Rule 56(e) of the Federal Rules of Civil Procedure states in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of

> the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The court entered an Order on October 30, 2006 informing the parties that Plaintiff's response to the motion for summary judgment would be due on or before November 17, 2006 *See* Doc. 52. The court on November 22, 2006 granted an extension to Plaintiff which made a response due on or before November 29, 2006. *See* Doc. 55. After granting counsels' motions to withdraw, the court further extended the deadline to respond. *See* Doc. 66. Plaintiff's new deadline to find counsel and respond to the motion for summary judgment was thirty days from the date of the order, i.e. February 19, 2007. *Id*. New counsel has not appeared and Plaintiff filed no response to the motion for summary judgment. As such, the court reviews the motion for summary judgment on its merits without the benefit of a response.

### V.  STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91

L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497

U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of the nonmovant). Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id.* at 322, 106 S.Ct. at 2552.

### VI.   DISCUSSION AND ANALYSIS

**A.   Qualified Immunity Principles for Federal Claims**

"Qualified immunity offers a complete protection for governmental officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (same). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations omitted); *see also Wood v. Kesler*, 323 F.3d 872, 877 (11th Cir. 2003) (quoting *Lee*). Therefore, it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

"To be entitled to qualified immunity, the defendant must prove that he was acting within the scope of his discretionary authority." *Bostic*, 458 F.3d at 1303 (citing *Vinyard*, 311 F.3d at 1346). To determine whether a defendant's actions were within the scope of his discretionary authority, courts examine "whether the government employee was (a) pursuing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1256 (11th Cir. 2004) (citations omitted).

Once it is established the defendant was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity. *Bostic*, 458 F.3d at 1303 (citing *Lumley v. City of Dad City*, 327 F.3d 1186, 1194 (11th Cir. 2003)); *Crosby v. Monroe County*, 394 F.3d , 1328, 1332 (11th Cir. 2004). The Supreme Court has established a two-part test to determine whether an official is entitled to

qualified immunity. *Bostic*, 458 F.3d at 1303. First, as a threshold inquiry, whether the facts, taken in the light most favorable to the nonmoving party, establish a constitutional violation. *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)); *Harris v. Coweta County, Ga.*, 433 F.3d 807, 811 (11th Cir. 2005). If not, the analysis ends and qualified immunity applies. *Id*. However, if the evidence could support a finding of a constitutional violation, then the court must assess whether, at the time of the incident, every objectively reasonable officer would have realized the acts violated already clearly established federal law." *Harris*, 433 F.3d at 811.

Defendant Adams' actions were clearly within the scope of his discretionary authority. "To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Bostic*, 458 F.3d at 1303 (quoting *Harbert Int'l v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). Defendant Adams and Officer Dubose were on patrol and were in pursuit of a suspect who was wanted on a felony warrant. When approached, R.D. ran from the officers and Defendant gave chase. Defendant believed R.D. was the subject a felony warrant. A police officer "may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *U.S. v. Franklin*, 323 F.3d 1298, 1301 (11thCir. 2003) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 122, 120 S.Ct. 673, 675, 145 L.Ed.2d 570 (2000)); *see also Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (same). "While flight is not proof of wrongdoing, it is indicative of such." *Id*. (citing *Wardlow*, 528

U.S. at 125, 120 S.Ct. at 677). Further, an officer may conduct a brief search for a weapon to ensure his safety. *See United States v. Gibson*, 64 F.3d 617, 623-24 (11th Cir. 1995) (A law enforcement officer, during the course of an investigatory stop, may conduct a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous); *see also United States v. Acosta*, 363 F.3d 1141, 1146 (11th Cir. 2004) ("The Supreme Court has stated that officers may take reasonable steps to ensure their safety so long as they possess 'an articulable and objectively reasonable belief that the suspect is potentially dangerous.'"). The officer need not be absolutely certain that the individual is armed, merely have a reasonable belief that his safety or the safety of others was in danger. *Terry*, 392 U.S. at 26, 88 S.Ct. at 1882.

Based on the above, Defendant's actions were clearly done in performance of his duties and were within the scope of his authority. He approached a suspect who then ran off and once caught Defendant conducted a brief search of the suspect to ensure his safety. Defendant's acts satisfy the "discretionary action requirement." Consequently, the burden shifts to Plaintiff to show qualified immunity is not appropriate.

As previously noted, Plaintiff has not filed a response to the Motion for Summary Judgment. Pursuant to Rule 56(e) and the burden shifting framework for federal qualified immunity, Plaintiff has not demonstrated Defendant lacks qualified immunity. As such, Defendant Adams is shielded by qualified immunity, and thus entitled to summary judgment on Plaintiff's § 1983 Fourth Amendment claims (Counts One and Two).

**B.     Decline Supplemental Jurisdiction for Remaining State Law Claims**

Plaintiff also asserts state law claims for assault and battery. Having recommended the dismissal of the federal constitutional claims, this Court also recommends declining supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *see McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002) (the court may decline to exercise jurisdiction over state-law claims where the court has dismissed all the federal claims over which it has original jurisdiction); *see also Urbanique Production v. City of Montgomery*, 428 F. Supp.2d 1193, 1225 (M.D. Ala. 2006) (declining supplemental jurisdiction after disposition of federal constitutional claims, denying summary judgment on state law claims as moot, and dismissing state law claims). Therefore, Defendant's Motion for Summary Judgment on the state law claims should be denied as moot, and the state law claims are due to be dismissed without prejudice. *Id*.

## VII.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)     *Defendant's Motion for Summary Judgment* (Doc.49, filed October 26, 2006) be **GRANTED** to the extent Plaintiff's 42 U.S.C. § 1983 constitutional claims in Counts One and Two of the Amended Complaint should be dismissed with prejudice.

(2)     *Defendant's Motion for Summary Judgment* (Doc.49, filed October 26, 2006) be **DENIED as moot** with regard to Plaintiff's supplemental state law claims

>in the remaining counts and said state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **March 23, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of March, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE